## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

In the Matter of:

| | |
|---|---|
| Thomas J. Stanley, | |
| Kristen R. Stanley | Case No.  11-02508-als7 |
| Debtors | Chapter 7 |
| Lehm's Omaha LLC | |
| d/b/a Max Storage, a Nebraska Limited Liability Company | Adv. Pro. 11-30083-als |
| Plaintiff | |
| v. | |
| Thomas J. Stanley | |
| Defendant | |

**MEMORANDUM OF DECISION**
**(date entered on docket: September 25, 2012)**

<u>COURSE OF PROCEEDING</u>

Lehm's Omaha LLC ("Lehm's" or "Plaintiff") filed this adversary proceeding pursuant to 11 U.S.C. section 523(a)(2)(A) to contest the dischargeability of a debt that arose from its payment of a lien against equipment sold to it by Thomas Stanley ("Debtor", "Defendant" or "Stanley").  David G. Hicks represented Lehm's.  The Defendant was represented by Charles L. Smith.   Jurisdiction of these matters is found at 28 U.S.C. sections 157(b)(1) and 1334.  The following findings and conclusions of law are entered pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.   For the reasons set forth herein, the objection to the dischargeability of the debt is sustained.

FACTS

Stanley is a skilled masonry contractor that has provided his services through Solid Concrete and Masonry, LLC, a company formed in 2004, which he solely owns. In an attempt to expand his business into more concrete work, the Debtor, personally, purchased a skid loader in 2008. Shortly after, in 2009, the concrete portion of his business began to decline due to various factors, including a shortage of crew members and substandard work which impacted the company's reputation. Due to these difficulties, the business ceased its concrete operation, and Stanley listed the skid loader and a trailer for sale on Craig's List. Lehm's responded to the advertisement and inquired as to the condition of the items. Stanley referred the Plaintiff to Nebraska Machinery, the dealer that had originally sold the items to the Debtor, for information regarding his purchase, service history on the skid loader, and its current condition. Upon an agreed price of $23,000, the Defendant delivered the skid loader and trailer to the Plaintiff. A bill of sale dated March 11, 2010 was given to Lehm's in exchange for its payment of the purchase price to the Defendant.

By letter dated August 23, 2011, Caterpillar Financial Services Corporation ("CAT") formally notified the Plaintiff that it retained a purchase money lien on the equipment under an Installment Sale Contract assigned to it by Nebraska Machinery. CAT demanded payment of the outstanding balance owing under the Installment Sale Contract in the amount of $14,828.75. Plaintiff paid the amount of $13,000 to CAT for release of the lien. When Lehm's contacted Stanley regarding its payment to CAT, he stated that he had filed for bankruptcy.

DISCUSSION

Plaintiff's complaint seeks to have its payment of $13,000 to CAT excepted from Debtor's discharge pursuant to 11 U.S.C. sections 523(a)(2)(A) (2011) which provides:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by – false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

Dischargeability actions are narrowly construed against the creditor and in favor of the debtor. See Lipka v. Donley (In re Donley), 115 B.R. 502, 503 (Bankr. E.D. Pa. 1990) (citing Koltman v. Hammill (In re Hammill), 61 B.R. 555 (Bankr. E.D. Pa. 1986)). While some courts attempt to separately define "false pretenses," "fraud" and "false representation," courts in the Eighth Circuit apply the same five factors to determine whether a debt is nondischargeable under all three parts of section 523(a)(2)(A). To succeed in excepting its debt from discharge, a plaintiff must prove the following five elements by a preponderance of the evidence: (1) The debtor made a representation; (2) The debtor knew the representation was false at the time it was made; (3) The representation was deliberately made for the purpose of deceiving the creditor; (4) The creditor reasonably relied on the representation; and (5) The creditor sustained the alleged loss as the proximate result of the representation having been made. R&R Ready Mix v. Freier (In re Freier), 604 F.3d 583, 587 (8th Cir. 2010). There must also be a showing that the defendant actually obtained money or credit by means of fraud, false pretenses or misrepresentation. See 11 U.S.C. § 523(a)(2)(A) (2011); First Nat'l Bank of Olathe, Kan. v. Pontow, 111 F.3d 604, 608 (8th Cir. 1997); Merchs. Nat'l Bank v. Moen (In re Moen), 238 B.R. 785, 791 (B.A.P. 8th Cir. 1999). Am. Bank of Commerce v. Powell (In re Powell), 423 B.R. 201, 210 (Bankr. N.D. Tex. 2010).

   1. **Defendant's representation**

Plaintiff's owner, Jeffrey Lehm, testified that the Defendant stated that the skid loader and trailer were not subject to any liens. Stanley denies that he made any such statement and

contends that that there was never any discussion of liens. It is unnecessary for the Court to determine whether specific statements were exchanged by the parties regarding the outstanding lien, rather, it is the Defendant's silence that satisfies the required element of misrepresentation in this case.

False pretenses may be defined differently from an affirmative false statement or outright false representation.

> The concept of false pretenses is especially broad. It includes any intentional fraud or deceit practiced by whatever method in whatever manner. False pretenses may be implied from conduct or may consist of concealment or non-disclosure where there is a duty to speak, and may consist of any acts intended to deceive.
> . . .
> Silence or concealment as to a material fact can constitute false pretenses. In short, false pretenses can be made in any of the ways in which ideas can be communicated.

Treadwell v. Lodge (In re Treadwell), 459 B.R. 394, 405-06 (Bankr. W.D. Mo. 2011). Similarly, in United States v. Hampton, the court stated that "misrepresentation denotes not only written or spoken words but also any other conduct that amounts to an assertion not in accordance with the truth." (In re Hampton), 396 B.R. 28, 30 (Bankr. N.D. Iowa 2008). The court explained false pretenses as "a series of events, activities or communications which, when considered collectively, create a false and misleading set of circumstances, or false and misleading understanding of a transaction, in which a creditor is wrongfully induced by the debtor to transfer property or extend credit to the debtor." Id. The court went on to apply the five factors listed above using the debtor's silence regarding a material fact as the misrepresentation. Id. at 30-31. In J.E. Meuret Grain Co v. Hysell, the court stated that "[a] 'false pretense' involves implied misrepresentation or conduct intended to create and foster a false impression." (In re Hysell), No.

BK09-41505-TJM, A09-4055-TJM, 2011 Bankr. LEXIS 430, at *7-8 (Bankr. D. Neb. Feb. 3, 2011).

By undertaking the action to advertise and sell the equipment, the Defendant conveyed the impression to potential buyers that he had the ability to convey clear title to the property. Stanley knew there was a lien owing to CAT. He contacted this creditor prior to the sale transaction to negotiate more time to cure the defaults owing under the sale contract and to obtain a pay-off balance. Stanley's responses at trial were narrowly tailored in stating that he was not specifically asked about a lien, and if direct inquiry had been made, he would have provided the information.

"When the circumstances imply a particular set of facts, and one party knows the facts to be otherwise, that party may have a duty to correct what would otherwise be a false impression." In re Hysell, No. BK09-41505-TJM, A09-4055-TJM, 2011 Bankr. LEXIS 430, at *7-8 (citing Merchants Nat'l Bank v. Moen (In re Moen), 238 B.R. 785, 791 (B.A.P. 8th Cir. 1999)). "[F]alse representations may be by omission or commission" and "silence regarding a material fact may constitute a false representation actionable under § 523(a)(2)(A)." Id.; see also Shields v. Kennicutt (In re Kennicutt), No. BK09-41726-TJM, Ch. 7, ADV09-4058-TJM, 2010 Bankr. LEXIS 2368, at *6 (Bankr. D. Neb. July 22, 2010). The Defendant's silence or omission under the facts presented satisfies the first element of 11 U.S.C. section 523(a)(2)(A).

**2. Defendant knew that the representation was false at the time it was made**

"A false representation made under circumstances where [the maker] should have known of the falsity is one made with reckless disregard for the truth, and this satisfie[s] the knowledge requirement." Medlock v. Meahyen (In re Meahyen), 422 B.R. 192, 201 (Bankr. D. Minn. 2010) (quoting In re Moen, 238 B.R. at 791).

> According to the Restatement (Second) of Torts, "A misrepresentation is fraudulent if the maker (a) knows or believes that the matter is not as he represents it to be, (b) does not have the confidence in the accuracy of the representation that he states or implies, or (c) knows that he does not have the basis for his representation that he states or implies."

Id. at 202 (quoting Rest. (2d) Torts § 526 (1977)).  Unquestionably, based upon the record, the Defendant was aware that there was an outstanding balance secured by a perfected lien against the equipment at the time he sold the items to Lehm's.

### 3. Defendant made the representation with the intent and purpose to deceive

"The intent element of § 523(a)(2)(A) does not require a finding of malevolence or personal ill-will; all it requires is a showing of an intent to induce the creditor to rely and act on the misrepresentations in question." In re Moen, 238 B.R. at 791.  "Intent to deceive will be inferred where a debtor makes a false representation and the debtor knows or should know that the statement will induce another to act." Id. (quoting In re Duggan, 169 B.R. 318, 324 (Bankr. E.D.N.Y. 1994)).

Stanley justifies his non-disclosure by stating that he intended to pay off CAT's lien.  His subsequent actions belie this intent.  The Defendant explained that he decided to sell the equipment in order to reduce his financial obligations.  Presumably, this would include the monthly obligation owing to CAT.  However, he did not inform CAT that he had sold the equipment, and the sale proceeds were not utilized to pay the outstanding balance so that the lien could be released.  He explained that CAT took a few days to respond to his pay-off inquiry and during this brief interim, other debts became so pressing that he had to pay these obligations instead.  Nothing in the testimony or the exhibits indicates a change in the financial circumstances of the Defendant, or his business, that points to an urgent need to use the sale proceeds for other business obligations.  Even though he made some monthly payments to CAT,

the balance was never paid in full. Stanley further attempts to justify his actions by stating that all of the sale proceeds went into his business and he did not use the funds for his personal expenses. While this may be true, it is not a relevant factor in the Defendant's intent or purpose in deceiving Lehm's by his silence. The Defendant's explanations are unpersuasive. The record supports a finding that the Defendant intended to deceive the Plaintiff.

### 4. Justifiable Reliance

In <u>Field v. Mans</u>, the United States Supreme Court held that section 523(a)(2)(A) requires justifiable reliance. 516 U.S. 59, 72-75 (1995). "Justification is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than of the application of a community standard of conduct to all cases." <u>Id.</u> at 71. The Plaintiff provided evidence that it would not have purchased the skid loader and trailer if the lien had been disclosed. Nothing in the record disputes this fact. Lehm's purchased the equipment in reliance on the Defendant's implied representation that he had clear title to the equipment. Under these circumstances, the Plaintiff's reliance was justified.

### 5. Damages

Finally, the Plaintiff must establish that it sustained a loss as the proximate result of Defendant's false pretenses or representation. Stanley does not dispute that the lien to CAT was never paid in full. Although he maintained payments for a period of time, he was unable to pay off the balance owing on the equipment sold to Lehm's. As a result, Lehm's was contacted by CAT about the balance owing under the Installment Sale Contract, and Lehm's made a payment of $13,000 to CAT to obtain clear title to the equipment.

Based upon the foregoing it is hereby ordered that:

1. The amount of $13,000 is excepted from discharge pursuant to 11 U.S.C. section 523(a)(2)(A) and judgment will enter accordingly.

2. The parties shall bear their own costs.

/s/ Anita L. Shodeen
Anita L. Shodeen
U.S. Bankruptcy Judge

Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic Filers in this Adversary Proceeding